UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CURRENT BOURNE,

                           Plaintiff

vs.

GEORGE PATAKI, Governor of the                9:03-CV-1130
State of New York; BRION TRAVIS,               (J. Hurd)
Chairman of the New York State Division
of Parole; THE NEW YORK STATE
DIVISION OF PAROLE,

                           Defendants.

---

APPEARANCES                              OF COUNSEL

CURRENT BOURNE
Plaintiff pro se

ELIOT SPITZER                          RISA L. VIGLUCCI
Attorney General of the                   Asst. Attorney General
State of New York
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to the undersigned for Report and Recommendation by the Honorable, David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that plaintiff's due process rights, equal protection rights, and right to be free from cruel and unusual punishment have been violated by defendants' parole policies.

Plaintiff seeks declaratory and injunctive relief.

Presently before the court are motions by defendants Pataki and Travis to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. Nos. 15, 21). Plaintiff has responded in opposition to the motions. (Dkt. No. 24). For the following reasons, this court agrees that the complaint should be dismissed.

## DISCUSSION

**1.     Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id.* (citing *Cooper v. Pate*, 378 U.S. 546 (1964)(per curiam)).

In determining whether a complaint states a cause of action, great liberality is afforded to pro se litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted). For purposes of a Rule 12(b)(6) motion, the "complaint" includes any written instrument attached to the complaint and any statements or documents incorporated into it by reference. *Gant v. Wallingford Bd. of Education*, 69 F.3d 669, 674 (2d Cir. 1995)(citations omitted).

2. **Facts**

Plaintiff alleges that in 1991, when he was eighteen years old, he pled guilty to Manslaughter, First Degree in connection with the shooting death of a man in front of plaintiff's residence. Complaint ¶ 7 (Dkt. No. 1). Plaintiff states that he was sentenced to eight and one third to twenty five years imprisonment. *Id.* Plaintiff further states that notwithstanding his exemplary accomplishments while incarcerated and his clear rehabilitation, he has been denied parole on two occasions. Complaint ¶¶ 8-14. Plaintiff outlines all of his accomplishments, both educational and vocational and states that, based on these accomplishments, he is "deserving of the granting of parole." Plaintiff claims that the fact that he has been denied parole illustrates that "something" is wrong with the way that the Parole Board determines an inmate's eligibility for release. Complaint ¶ 14.

Plaintiff then states that in each of the two parole denials, the Parole Board used his offense as a factor in the denial, but refused to consider his exemplary accomplishments and his plans for parole release. Complaint ¶¶ 17-18. Plaintiff claims that defendant Pataki has a policy of refusing parole to violent felons while granting parole to drug felons, thereby violating plaintiff's right to equal protection. Plaintiff claims that defendant Pataki put "political pressure" on the Parole Board through defendant Travis to effectuate Governor Pataki's allegedly unconstitutional policy. Plaintiff also alleges that this policy contravenes the purposes articulated in

the statutes governing parole. Plaintiff claims that in each of his two parole denials, the Parole Board, acted as "an agent" in defendant Pataki's political agenda and violated plaintiff's procedural and substantive due process rights by failing to properly analyze his case in light of the purposes of the parole statutes. Complaint ¶¶ 23-24.

The complaint contains three causes of action:

1. The defendants' actions violated plaintiff's rights to due process and equal protection.

2. The defendants violated New York State law when they improperly applied the parole statutes in denying plaintiff parole.

3. The defendants violated plaintiff's right to be free from cruel and unusual punishment through their "deliberate indifference" to plaintiff's "expectations for early release."

Complaint ¶¶ 27-31. The relief listed in the complaint includes a declaratory judgment that the defendants violated the Constitution and New York State law. Plaintiff also requests that plaintiff's "next" appearance in February of 2004 be free from political pressure, and that plaintiff be properly considered pursuant to the objectives of the parole statutes.[1]

---

[1] Although the complaint indicates that plaintiff was denied parole on two occasions, and requested that his "next" appearance be free from political pressure, it appears from his response to defendant Travis's motion for summary judgment that he was denied parole on *three* occasions. (Dkt. No. 24 at p.5). The court assumes based on the date that the response was submitted (January 5, 2005), that plaintiff was again denied parole in 2004. Thus, the portion of his complaint requesting that he be considered "properly" during his "next" appearance in 2004 is moot, and plaintiff may be requesting that he be considered "properly" in "future" appearances.

4

3.  **Relief Sought**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a **criminal conviction** unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87.

*Edwards v. Balisok*, 520 U.S. 641 (1997) extended the rationale in *Heck* to section 1983 challenges to prison disciplinary proceedings in which a decision in plaintiff's favor would necessarily reverse the administrative decision revoking a plaintiff's good-time credits, thereby affecting the length of the plaintiff's confinement. 520 U.S. at 644. The rationale in *Heck* has also been extended to **parole decisions**. *See Lampkin v. New York City Dep't of Corrections*, 00 Civ. 7165, 2001 U.S. Dist. LEXIS 2141 (S.D.N.Y. March 1, 2001); *Hill v. Goord*, 63 F. Supp. 2d 254, 260 (E.D.N.Y. 1999).

In this case, plaintiff does not appear to seek money damages, rather, he seeks declaratory and injunctive relief. However, this does not save his action from dismissal. *Heck* has also been extended to claims for injunctive and declaratory relief if a decision in plaintiff's favor would necessarily call into question the determination to deny him parole and consequently, the duration of his confinement. *See Boddie v.*

5

*Morganthau*, 342 F. Supp. 2d 193, 200-201 (S.D.N.Y. 2004). Plaintiff in this case specifically states that he has been denied parole based on an inappropriate and unconstitutional policy advanced by defendant Pataki through defendant Travis and the Division of Parole. Plaintiff argues that he was twice improperly denied parole on this basis. If this court were to decide in plaintiff's favor, it would necessarily invalidate the decision to deny plaintiff parole. Thus, *Heck* applies, and petitioner may not bring a section 1983 case to vindicate his alleged constitutional rights.

Where the fact or duration of a plaintiff's incarceration is at issue, section 1983 is unavailable, and the only vehicle for obtaining the desired relief is a petition for habeas corpus under 28 U.S.C. § 2254. *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999). The Second Circuit has specifically held that a section 2254 petition is the proper way to challenge the denial of parole, rather than a petition under section 2241. *Cook v. New York State Dep't of Parole*, 321 F.3d 274 (2d Cir. 2003).

However, section 2254 requires that an inmate exhaust his state court remedies prior to bringing an action under that statute. 28 U.S.C. § 2254(b)(1)(A). In this case, there is no information regarding plaintiff's attempts, if any, to exhaust any challenge to his parole denials, raising the **same claims** that he raises in this action. In any event, the Second Circuit has cautioned against recharacterizing pleadings filed by pro se parties since the recharacterization could lead to adverse consequences for the pro se party at a later date. *Cook*, 321 F.3d at 281-82. *Madden v. Hirsch*, 03-CV-5653,

6

2004 U.S. Dist. LEXIS 9792, *4-7 (E.D.N.Y. April 20, 2003) is directly on point. In *Madden* the plaintiff brought a section 1983 case whose favorable resolution would have affected the validity of his conviction. The court dismissed the action based on *Heck* and specifically did ***not*** recharacterize the action as a petition for habeas corpus. *Id.* Thus, this plaintiff may not maintain a section 1983 action against either defendant based on plaintiff's claims of improper denial of parole.

### 4.     Due Process and Equal Protection

Even if plaintiff could bring this action, the court would simply point out that contrary to plaintiff's assertions, it has been specifically held that there is ***no legitimate expectation to release on parole***, and that the New York State Parole statutes do not create a legitimate expectancy of release in any prisoner. *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). Thus, plaintiff's claims that he has been denied due process based on the alleged policy to deny violent offenders parole offends neither due process nor equal protection.

The Equal Protection clause provides that all similarly situated individuals be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). With respect to this plaintiff's equal protection claim, it cannot be found that violent offenders are a "suspect" class for purposes of equal protection analysis. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976)(suspect classifications include race, religion or alienage). Absent a suspect classification, the courts must

7

presume that distinctions made between groups are constitutional as long as they are rationally related to a legitimate penological interest. *Id.*

Although this court will not engage in a great deal of analysis since a habeas corpus petition is not before me, assuming as plaintiff claims, that a distinction is being made between violent and non-violent offenders, this distinction does not appear unreasonable on its face when considering whether to release an individual back into the community.

## 5. Personal Involvement

Defendants also claim a lack of personal involvement. However, since this court is recommending dismissal as stated above, there is no need to consider the defendants' claims regarding the issue of personal involvement. The court is not recommending dismissal on this basis.[1]

## 6. New York State Division of Parole

The court also notes that the New York State Division of Parole is named as a defendant. Although summonses were issued for all three defendants, and defendants Pataki and Travis have acknowledged service, it does not appear that the Division of

---

[1] The court would simply note that although plaintiff may not pursue a ***damage*** claim against an individual defendant who lacks personal involvement, that does not preclude a plaintiff from seeking ***prospective injunctive or declaratory relief*** from the same defendant, provided the official against whom the action is brought has a direct connection to or responsibility for the alleged illegal action. *See Boddie v. Morganthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004). It should be noted that this plaintiff did not appear to be seeking money damages and specifically sought prospective injunctive and declaratory relief.

8

Parole was ever served. In any event, even if service had been attempted on the Division of Parole as a state agency, it would not be subject to suit in federal court even for prospective relief. *See Jones v. New York State Division of Naval and Military Affairs*, 166 F.3d 45, 49 (2d Cir. 1998); *Komlosi v. New York State Department of Mental Retardation and Development*, 64 F.3d 810, 815 (2d Cir. 1995). Thus, to the extent that the Division of Parole is named as a defendant, the complaint may be dismissed as against that agency.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that the motion to dismiss filed on behalf of defendant **PATAKI** (Dkt. No.15) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY** as to this defendant, and it is

**RECOMMENDED,** that the motion to dismiss filed on behalf of defendant **TRAVIS** (Dkt. No. 21) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY** as to this defendant, and it is further

**RECOMMENDED,** that the claims against the **NEW YORK STATE DIVISION OF PAROLE** be dismissed *sua sponte*, and the **COMPLAINT DISMISSED IN ITS ENTIRETY AS AGAINST ALL DEFENDANTS.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 18, 2005

*[signature]*
Hon. Gustave J. DiBianco
U.S. Magistrate Judge